Aaron W. Baker, OSB No. 922220
aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
serena@awbakerlaw.com
BAKER LAW PC
One SW Columbia Street, Suite 1850
Portland, Oregon 97204
Telephone: 503-234-8800
Fax: 503-525-0650
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ELIZABETH MOLENGRAAF**, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**VESTAS – AMERICAN WIND TECHNOLOGY INC.**, a foreign corporation and **BHI ENERGY I POWER SERVICES, LLC**, a foreign corporation,<br><br>Defendants. | Case No. 3:22-cv-01825<br><br>**COLLECTIVE ACTION ALLEGATION COMPLAINT**<br><br>Fair Labor Standards Act<br>(29 U.S.C. § 201 *et seq*.) |

Plaintiff Elizabeth Molengraaf ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for her Original Complaint—Collective Action against Vestas – American Wind Technology, Inc., and BHI Energy I Power Services, LLC (collectively "Defendant" or "Defendants"), states and alleges as follows:

# I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' policy and practice of failing to pay Plaintiff and others similarly situated sufficient wages under the FLSA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, the Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

# II. JURISDICTION AND VENUE

4. The United States District Court for the District of Oregon has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Separate Defendant Vestas – American Wind Technology, LLC ("Vestas"), conducts business within the State of Oregon, and upon information and belief is headquartered in Multnomah County; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

# III. THE PARTIES

6. Plaintiff is an individual and resident of Brookings County, South Dakota.

7. Vestas is a foreign, for-profit corporation.

8. Vestas's registered agent for service of process is CT Corporation System at 780 Commercial Street SE, Suite 100, Salem, Oregon 97301.

9. Separate Defendant BHI Energy I Power Services, LLC ("BHI"), is a foreign limited liability corporation.

10. BHI's registered agent for service of process is Incorp Services, Inc., at 2355 State Street, Suite 101B, Salem, Oregon 97301.

## IV. FACTUAL ALLEGATIONS

11. Vestas manufactures, installs and services wind turbines.

12. BHI provides project management and staffing services to energy markets.

13. Vestas's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14. During each of the three years preceding the filing of this Complaint, Vestas employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles, fuel and goods or materials typically used in the wind energy industry.

15. BHI's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. During each of the three years preceding the filing of this Complaint, BHI employed at least two individuals who were engaged in interstate commerce or in the production

of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles, fuel and goods or materials typically used in the energy industry

17. BHI hired Plaintiff and was responsible for paying Plaintiff wages.

18. BHI was an employer of Plaintiff within the meaning of the FLSA within the three years preceding the filing of this Complaint.

19. Vestas was responsible for setting Plaintiff's schedule, had the authority to discipline Plaintiff up to and including termination of her employment, instructed Plaintiff in her duties and set timekeeping policies for Plaintiff.

20. Vestas was an employer of Plaintiff within the meaning of the FLSA within the three years preceding the filing of this Complaint.

21. Defendants were joint employers within the meaning of the FLSA and its related regulations.

22. Defendants employed Plaintiff within the three years preceding the filing of this lawsuit.

23. Specifically, Defendants employed Plaintiff as an hourly-paid Field Support Coordinator from May of 2021 to December of 2021.

24. Plaintiff worked remotely for Defendants from her home in South Dakota.

25. Defendants also employed other hourly-paid Field Support Coordinators within the three years preceding the filing of this lawsuit.

26. At all relevant times herein, Defendants directly hired Plaintiff and other Field Support Coordinators to work on their behalf, paid them wages and benefits, controlled their

work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

28. Defendants classified Plaintiff as nonexempt from the overtime provisions of the FLSA and paid her an hourly wage.

29. Defendants also classified other Field Support Coordinators as nonexempt from the overtime provisions of the FLSA and paid them an hourly wage.

30. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices and procedures to all Field Support Coordinators, including policies, practices, and procedures relating to payment of wages.

31. Defendants were "employers" within the meaning set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the proposed collective.

32. Plaintiff and the other Field Support Coordinators' primary responsibilities were creating purchase orders, uploading invoices, and entering data.

33. Per Defendants' instructions, Plaintiff and other Field Support Coordinators tracked their hours via a paper timesheet and also via Defendants' electronic timekeeping system.

34. Plaintiff was required to take a half-hour uncompensated lunch break, but was regularly required to continue working during her lunch break.

35. Plaintiff was told by Defendants that a half-hour lunch would be deducted from her time even if she did not record a lunch break or take a lunch break.

36. Upon information and belief, other Field Support Coordinators were required to take a half-hour uncompensated lunch break and were often required to continue working during their lunch break.

37. Because Plaintiff and other Field Support Coordinators were required to perform work during their lunch breaks, they worked hours which went uncompensated.

38. Plaintiff and other Field Support Coordinators were allowed to record only ten hours of work per day.

39. Defendants assigned Plaintiff and other Field Support Coordinators so much work that they could not always complete it in less than ten hours per day.

40. Plaintiff regularly performed more than ten hours of work per day, and the hours worked over ten per day went uncompensated due to Defendants' policy.

41. Upon information and belief, other Field Support Coordinators also regularly or occasionally worked more than ten hours per day, and the hours worked over ten per day went uncompensated due to Defendants' policy.

42. Defendants designated Sunday as a "reset" day and did not allow Plaintiff or other Field Support Coordinators to record time on this day.

43. Defendants assigned Plaintiff and other Field Support Coordinators so much work that they regularly or occasionally had to work on Sundays to complete all of their work.

44. The hours which Plaintiff and other Field Support Coordinators worked on Sundays therefore went uncompensated.

45. Plaintiff and other Field Support Coordinators worked hours off the clock in weeks in which they also worked hours over forty, and in those weeks they did not receive 1.5 times their regular hourly rate for the hours worked over forty in that week.

46. Defendants knew or should have known that they did not pay Plaintiff and other Field Support Coordinators for all hours worked.

47. The work of Plaintiff and other Field Support Coordinators was time-stamped within Defendants' system.

48. Defendants knew or should have known that Plaintiff and other Field Support Coordinators worked hours which went uncompensated.

49. The net effect of Defendants' practices and policies regarding Plaintiff's job duties, pay and timekeeping policies, as described above, is that Defendants intentionally prevented Plaintiff from recording all of her hours in order to avoid paying her for all hours worked and an overtime premium for hours worked over forty each week.

50. Defendants made no reasonable efforts to ascertain and comply with applicable law.

51. Defendants have willfully failed to pay all wages due to Plaintiff and similarly situated Field Support Coordinators.

52. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

53. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked for Defendants in excess of forty each week;

B. Liquidated damages; and

C. Attorney's fees and costs.

54. Plaintiff proposes the following collective under the FLSA:

**All Field Support Coordinators in the last three years.**

55. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

56. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

57. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were classified by the Defendants as nonexempt from the minimum wage and overtime requirements of the FLSA;

B. They had substantially similar job duties and requirements;

C. They were subject to Defendants policy of requiring them to record a lunch break even if they worked through lunch;

D. They were subject to Defendants' policy of refusing to pay them for more than ten hours of work per day;

E. They were subject to Defendants' policy of refusing to pay for work performed on Sundays;

F. They worked hours which went uncompensated due to Defendants' policies;

G. They did not receive an overtime premium for all hours worked over forty each week.

58. Plaintiff's claims are essentially the same as those of the putative collective.

59. Defendants' unlawful conduct is pursuant to a corporate policy or practice.

60. Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds 100 persons.

61. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

62. The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from the Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first-class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. CAUSE OF ACTION—VIOLATION OF THE FLSA

63. Plaintiff, individually and on behalf of the collective of others similarly situated asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

64. At all relevant times herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

65. At all relevant times, Defendants have been, and continue to be, enterprises engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67. During the period relevant to this lawsuit, Defendants classified Plaintiff and all others similarly situated as nonexempt from the overtime requirements of the FLSA.

68. Defendants knew or should have known that their pay and timekeeping policies and practices would result in a failure to compensate Plaintiff and others similarly situated for all hours worked, including failing to pay a proper overtime premium for hours worked over forty each week.

69. Defendants, pursuant to their policies and practices, violated the FLSA by refusing and failing to pay Plaintiff and others similarly situated for all hours worked, including an overtime premium of 1.5x regular wages for all hours worked over 40 to Plaintiff and other similarly situated employees.

70. Plaintiff and all others similarly situated are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all Field Support Coordinator employees in the Defendants' company.

71. Plaintiff and all similarly situated employees are entitled to damages equal to the unpaid wages minus actual wages within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully, or at least demonstrated reckless disregard for whether their conduct was unlawful.

72. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

73. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Elizabeth Molengraaf, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. Certification of and notice to a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. A declaratory judgment that the Defendants' practices alleged herein violated the FLSA;

D. Judgment for damages owed to Plaintiff and others similarly situated under the FLSA;

E. Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA;

F. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

G. Such other and further relief as this Court may deem just and proper.

## IX. CERTIFICATE OF SERVICE

Service will be made on the Defendants with a summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

Respectfully submitted,

**ELIZABETH MOLENGRAAF,**
**Individually and on Behalf of All Others**
**Similarly Situated, PLAINTIFF**

BAKER LAW PC
One SW Columbia Street, Suite 1850
Portland, Oregon 97204
Telephone: 503-234-8800
Facsimile: 503-525-0650

*/s/ Aaron. W. Baker*
Aaron W. Baker
OSB No. 922220
aaron@awbakerlaw.com

*/s/ Serena L. Liss*
Serena L. Liss
OSB No. 154799
serena@awbakerlaw.com

*LOCAL COUNSEL FOR PLAINTIFF*

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*LEAD COUNSEL FOR PLAINTIFF*
*PHV Motions to be Filed*