IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELIZABETH MOLENGRAAF,<br><br>        Plaintiff,<br>  v.<br><br>VESTAS-AMERICAN WIND TECHNOLOGY INC. and BHI ENERGY I POWER SERVICES, LLC,<br><br>        Defendants. | Case No.: 3:22-cv-01825-AN<br><br>ORDER |

        This case comes before the Court on the parties' Amended Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice, ECF [56]. The motion stems from the confidential settlement of plaintiff Elizabeth Molengraaf's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The parties submitted the confidential settlement agreement to the Court for the Court's approval. The agreement resolves the entirety of plaintiff's complaint and, upon such approval, the parties request the dismissal of the complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

        Generally, FLSA rights cannot be waived, and settlement of private actions for back wages pursuant to 29 U.S.C. § 201 must be approved by the district court. *See Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Dickerson v. Cable Commc'ns, Inc.*, No. 3:12-cv-00012-PK, 2013 WL 6178460, at *3 (D. Or. Nov. 25, 2013).

        The Ninth Circuit has not established criteria for district courts to consider in determining whether an FLSA settlement should be approved. *Dunn v. Tchrs. Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016). However, district courts in this circuit have frequently applied a widely used standard adopted by the Eleventh Circuit, which looks to whether the settlement is a fair and reasonable resolution of a bone fide dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Goudie v. Cable Commc'ns, Inc.*, No. 08-507-AC, 2009

WL 88336, at *1 (D. Or. Jan. 12, 2009); *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016). "If a settlement in an employee FLSA suit . . . reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" the district court is permitted to approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Upon review of the confidential settlement agreement, and in light of the facts and circumstances contained in the record, the Court determines that the settlement terms of this litigation are fair and reflect a reasonable compromise of plaintiff's FLSA claims. The parties' settlement agreement, including the amount for attorneys' fees and costs, is approved as fair, adequate, and reasonable, and the parties shall perform the settlement in accordance with its terms. The amount to be paid to plaintiff to resolve her claims is a reasonable amount considering the allegations of unpaid wages and overtime. Furthermore, the Court finds that the settlement agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable, and adequate.

Accordingly, the parties' Amended Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice, ECF [56], is GRANTED. This action is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 13th day of February, 2024.

_____
Adrienne Nelson
United States District Judge